_jjAMY, J.,
concurring.
I agree with the result reached by the majority, as I do not find reversible error in the trial court’s determination in light of Younger v.. Marshall Indus., Inc., 618 So.2d 866 (La.1993). As noted in the majority opinion, the trial court determined that the back injury complained of by the plaintiff stemmed from the type of weakened condition described in Younger. Discussing the weakened condition theory as a new avenue for recovery, the Louisiana Supreme Court stated that the theory is consistent with the concepts of the duty-risk analysis and that it “is premised upon the rationale that if the victim, as a result of a weakened condition due to the original injury, suffers a new accident and injury, the original tortfeasor is accountable for the subsequent injury.” Id. at 872.
While some subsequent injuries stemming from an original injury may have always fallen within the scope of the duty owed by a tortfeasor, e.g., those stemming from the type of medical treatment also discussed in Younger, it appears to me that the supreme court’s discussion of the weakened condition theory may permit recovery for a variety of damages previously falling outside the scope of the duty element of the duty/risk analysis. For instance, in Younger, the injuries resulting from the tortious act of the defendant re- . quired a hospital stay. While at the hospital, | ¡>the plaintiff showered with the aid of a shower chair which collapsed causing additional injury. The supreme court stated that, although the use of the shower chair was not medical treatment, it may be “possible to find an ease of association between a defendant’s duty not to injure a plaintiff and the risk that a plaintiffs weakened condition will necessitate his use of a shower chair in order for him to be able to take a shower and that the shower chair might be defective somehow and collapse.” Id. at 873. Important to my reading of Younger, is the supreme court’s conclusion that the event for which recovery may have been allowed on remand, was not medical treatment. Of course, had it been medical treatment, it would have been more easily associated with the initial tort and, therefore, more clearly within the traditional scope of the duty/legal cause element of the duty/risk analysis.
Here, as in Younger, there was a determination that the work hardening program/functional capacity evaluation was not medical treatment. To my mind, in view of the determination that the incident causing injury was not medical treatment necessitated by the initial accident, the type of injury now complained of would fall outside of the traditional parameters of the scope of the duty or legal cause related to the car accident. However, due to the supreme court’s decision in Younger and the broad basis for recovery it may establish, I find no clear error in the trial court’s determination.